UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CLYDE MAISANO,

       Petitioner,

                              CASE NO. 05-CV-74507-DT
v.                             HONORABLE GEORGE CARAM STEEH

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Respondents.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Jeffrey Clyde Maisano ("Petitioner"), a state prisoner presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pleadings, Petitioner challenges the Michigan Parole Board's decision to suspend his release on parole due to his possession of forbidden documents, resulting in his continued confinement.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.

1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the grounds raised in the petition lack merit, such that the petition must be denied.

## II.     Discussion

Petitioner is currently in the custody of the Michigan Department of Corrections. The Michigan Parole Board ("Parole Board") issued a Notice of Action on August 4, 2005 setting a parole date for Petitioner of December 20, 2005. Petitioner was subsequently charged with a misconduct violation for possession of forbidden documents related to the Uniform Commercial Code and found guilty of that violation following a hearing. On October 6, 2005, the Parole Board issued a Notice of Decision suspending Petitioner's release on parole due to his suspension from the Intensive Reentry Unit Program for possession of the forbidden documents. On November 7, 2005, the Parole Board issued another Notice of Decision denying Petitioner parole release and continuing his incarceration for a 12-month period. The Parole Board concluded that denial of parole was warranted as it lacked reasonable assurance that Petitioner would not become a menace to society or to the public safety. The Parole Board also cited the fact that Petitioner was terminated from the Intensive Reentry Unit Program as a reason in support of its decision.

Petitioner now seeks habeas relief challenging the Parole Board's suspension of its parole decision and subsequent denial of his release on parole. In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner alleges a

violation of the Due Process Clause of the Fourteenth Amendment.  The Fourteenth Amendment provides in part:  "nor shall any State deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV.  As the United States Supreme Court has explained, the Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

The Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence.  *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  Simply stated, there is no federal constitutional right to parole.  *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).  While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws, a liberty interest which is subject to constitutional protection.  *Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations.  *Id*. at 461.  "Stated simply," the Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'"  *Id*. at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).  As the Court further advised:

> "A state may do this in a number of ways . . . the most common manner in which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Id*. (citing *Hewitt*, 459 U.S. at 472).  In order to find that a liberty interest arises under a State's

laws, the Court has required "that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id*. (quoting *Hewitt*, 459 U.S. at 471-72.

Applying these standards, the Michigan Court of Appeals and the courts within the Sixth Circuit have concluded that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Dep't. of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982); *Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). The *Hurst* court found that Michigan's parole statute provides that a prisoner shall not be released until his minimum term of imprisonment has been served, but that it *allows* an early parole as an exception to the minimum term provision. *Hurst*, 119 Mich. App. at 29, 325 N.W.2d at 617. While the statute provides factors for the Parole Board to consider, it does not mandate parole if certain criteria are met. *Id.* The Michigan Court of Appeals concluded that the State's statute "creates only a hope of early release," rather than a right to release. *Id.* As Petitioner has no protected liberty interest in parole, his challenge to the Parole Board's decision is not cognizable on federal habeas review.

Additionally, to the extent that Petitioner is challenging the underlying prison disciplinary decision, he is also not entitled to habeas relief. Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a criminal defendant do not apply. As enunciated by the United States Supreme Court, the minimum due process requirements for a prisoner in a disciplinary hearing are: (1) written notice of the charges at least 24 hours before the hearing; (2) the opportunity to call witnesses and present evidence at the hearing; and (3) a written statement by the factfinder of the evidence relied upon and the reason for any action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). The decision of a prison disciplinary

body must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). A reviewing court, however, need not examine the complete record, assess witness credibility, or weigh the evidence. Rather, the relevant issue is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

The record before this Court indicates that Petitioner was given notice of the charges against him, an opportunity to be heard at a prison disciplinary hearing, and a written report of the resulting decision. The record further indicates that there was some evidence to support the misconduct determination and the resulting termination from the Intensive Reentry Unit Program, namely the correction officers' testimony and the seized documents. Petitioner received all the process he was due. Habeas relief is thus not warranted in this case.

## III.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his habeas petition and that the petition must be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may

5

not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

For the reasons stated *supra*, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

        s/George Caram Steeh
        **GEORGE CARAM STEEH**
        **UNITED STATES DISTRICT JUDGE**

**Dated: December 20, 2005**

### CERTIFICATE OF SERVICE

**Copies of this Order were served on the attorneys of record on December 20, 2005, by electronic and/or ordinary mail.**

        s/Josephine Chaffee
        **Secretary/Deputy Clerk**